**E-Filed 7/19/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WEN CHEN,<br><br>             Plaintiff,<br><br>     v.<br><br>ERIC HOLDER, Attorney General of the United States,<br><br>             Defendant. | Case Number C 10-00291 JF (PVT)<br><br>**ORDER[1] GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Docket No. 9 |

       On January 21, 2010, Plaintiff filed the instant action, seeking this Court's de novo review of the denial of her naturalization application pursuant to 8 U.S.C. § 1421(c). On February 11, 2010, the United States Citizenship and Immigration Services ("USCIS")[2] initiated

---

   [1] This disposition is not designated for publication.

   [2] "In 2002, Congress transferred authority (1) to commence removal proceedings and (2) to adjudicate applications for naturalization from the Attorney General to the Secretary of the Department of Homeland Security." *Ajlani v. Chertoff*, 545 F.3d 229, 231 n.2 (2nd Cir. 2008); *see also Raiput v. Mukasey*, No. C07-1029RAJ, 2008 WL 2519919, at *4 (W.D. Wash. June 20, 2008). On March 1, 2009, the Secretary of the DHS, and the USCIS as the Secretary's delegate, assumed responsibility for adjudication of visa petitions and naturalization applications. *See, e.g.,* 6 U.S.C. § 271(b)(2) (transferring naturalization authority to USCIS); 6 U.S.C. § 557. Because the naturalization decision at issue occurred after the transfer of authority, the Court will refer to

removal proceedings against Plaintiff.  Proctor Decl., Ex. G (stating that at the time of her adjustment of status Plaintiff was not in possession of a valid unexpired immigrant visa).  On March 26, 2010, Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56.  Plaintiff opposed the motion.

Following oral argument on June 11, 2010, the Court issued an order deferring a determination of the motion for summary judgment.  In that order, the Court concluded that summary judgment is warranted when removal proceedings are pending because the Court cannot grant effective relief.  *See Hernandez de Anderson,* 497 F.3d 927, 933 (9th Cir. 2007) (citation and quotation marks omitted) (holding that the authority to adjudicate naturalization applications is limited by 8 U.S.C. § 1429, which states that 'no application for naturalization shall be considered by [the Secretary] if there is pending against the applicant a removal proceeding' and that [t]he natural reading of [§ 1429] is that removal proceedings...are to take precedence over naturalization applications."); *see also Gill v. Bardini,* No. C-08-05190 RMW, 2010 WL 761307, at *4 (N.D. Cal. Mar. 3, 2010) ("Even when the USCIS begins removal proceedings subsequent to the initiation of an action under 8 U.S.C. § 1421(c), neither the courts nor the Attorney General can approve an application for naturalization or order an alien to be naturalized while the alien is in removal proceedings. 8 U.S.C. § 1429."); *see also Castaneda v. Holder,* No. C 09-03177 MHP, 2009 WL 4282810, at *3 (N.D. Cal. Nov. 25, 2009) (holding that "[i]n light of *Bellajaro [v. Schiltgen*, 378 F.3d 1042, 1046-47 (9th Cir.2004)] and the unambiguous and exclusive grant of naturalization authority to the Attorney General by section 1421(a), this court concludes that it can neither naturalize petitioner on its own authority nor usurp the authority committed by Congress to the Attorney General by ordering the Attorney General to naturalize an alien without further review. Nor can the court order the Attorney General to review the application further, as section 1429 expressly prohibits consideration of the application before removal proceedings are concluded. Accordingly, the court cannot provide

the USCIS.

effective relief to petitioner while removal proceedings are pending against her."); *see also Kyi v. Chertoff,* No. 08-3383, 2008 WL 5131619, at *4 (N.D. Cal. Dec. 5, 2008) (granting summary judgment "on the basis that the removal proceedings preclude[d] th[e] Court from granting Plaintiff relief.").

However, based upon Plaintiff's counsel's assertion that he would challenge the initiation of the removal proceedings and move for their termination in the immigration court, this Court deferred its ruling on the motion for summary judgment pending resolution of termination of proceedings by the immigration court. Dkt. No. 15 at 6, citing *Castaneda v. Holder,* No. C 09-03177 MHP, 2009 WL 4282810, at *3 (N.D. Cal. Nov. 25, 2009) (staying the action pending resolution of plaintiff's motion to terminate removal in the immigration proceedings). On June 25, 2010, Plaintiff notified the Court that she had filed a motion to terminate proceedings in the immigration court. On July 15, Defendant informed the Court that the immigration court had denied Plaintiff's motion. Accordingly, for the reasons summarized above and addressed more thoroughly in the Court's earlier order, *see* Dkt. No. 15, the motion for summary judgment is GRANTED, and the instant action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: 7/19/10

JEREMY FOGEL
United States District Judge